IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | |
| STREAMLINE PRODUCTION GROUP, LLC, | Case No: 3:23-bk-02638 |
| | Chapter 7 |
| | Judge Walker |
| Debtor. | |
| | |
| EVA M. LEMEH, TRUSTEE, | |
| PLAINTIFF. | Adv. Proc. No. _____ |
| vs. | |
| FLAVOR CATERING, LLC, | |
| DEFENDANT. | |

### COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND TO RECOVER AMOUNT OF SUCH TRANSFERS

Plaintiff Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), alleges upon knowledge as to herself and her acts, and upon information and belief as to all other matters, as follows as her Complaint against Flavor Catering, LLC (the "Defendant"):

Jurisdiction, Venue and Parties

1. This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to seek relief in accordance with sections 547(b) and 550 of title 11 of the United States Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code").

2. The Court has jurisdiction over this subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. §§ 157(b)(2)(F) and (O).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Eva M. Lemeh, a resident of Tennessee serving as court-appointed Chapter 7 trustee in this matter, is Plaintiff in this adversary proceeding.

5. Defendant, Flavor Catering, LLC, is a Tennessee limited liability company and the Defendant in this adversary proceeding. Defendant may be served with process upon its Registered Agent, Jason Crockarell, at the following address: 7001 Westbelt Drive; Nashville, TN 37209.

## Procedural Background

6. On July 25, 2023 (the "Petition Date"), Streamline Production Group, LLC (the "Debtor") filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code.

7. Eva M. Lemeh has been appointed to serve as trustee in this matter.

## Facts

8. The Trustee has conducted reasonable due diligence given the circumstances of this case and taking into account the Defendant's known and/or reasonably knowable affirmative defenses.

9. During the ninety days preceding the Petition Date, one or more transfers (the "Transfers") of property were made to or for the benefit of the Defendant, which Transfers total $16,696.40. A detailed listing of the Transfers is attached hereto as Exhibit A.

10. The Transfers were transfers of interest of property of the Debtor.

11. The Transfers were transfers to or for the benefit of the Defendant.

12. The Transfers were transfers for or on account of antecedent debt owed by the Debtor before such transfers were made.

13. The Transfers were made while the Debtor was insolvent or was presumed to be insolvent.

14. The Transfers enabled the Defendant to receive more than the Defendant would have received if (i) this Case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## CLAIM ONE: PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

15. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 14 of this Complaint.

16. The Transfers are avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and the Trustee may recover the value of the Transfers pursuant to an order of this Court and section 550 of the Bankruptcy Code.

17. Pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back the avoided property or the value thereof, and such avoidances are recovered for the benefit of the estate. The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

WHEREFORE, the Trustee requests that the Court enter judgment (i) avoiding each of the Transfers pursuant to section 547(b) of the Bankruptcy Code, and (ii) granting the Trustee a judgment against the Defendant pursuant to section 550 of the Bankruptcy Code for the full amounts of the Transfers in an amount to be proven at trial, with lawful pre- and post-judgment interest and costs; and (iii) granting such other and further relief, at law or in equity, as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel. (615) 465-6000
phillip@thompsonburton.com

Counsel for the Trustee

## EXHIBIT A

| Invoice No | Amount | Total |
|---|---|---|
| TR75S-11270 | 16,696.40 | 16,696.40 |